BYE, Circuit Judge,
concurring in part and dissenting in part.
I dissent from the majority’s decision to reverse the district court’s denial of summary judgment as to Dr. Herts’s alleged due process violations. Because the qualified immunity issue was not adequately addressed in the district court, I would remand for further proceedings. I join the opinion in all other respects.
Dr. Herts contends she was not given access to a letter written by a school board member to the superintendent accusing him of racially discriminatory employment practices. Further, Dr. Herts contends she was not told the school board requested the letter’s author recuse herself from Dr. Herts’s non-renewal proceedings. Dr. Herts argues those actions rendered the non-renewal hearing process unfair — and thus violative of her due process rights-— because evidence bearing on the superintendent’s and the school board’s racial bias was withheld from her and her attorney.
Our review of Dr. Herts’s due process claims is limited to determining whether these allegations rise to the level of a constitutional violation and, if so, whether the rights violated were clearly established. See Wilson v. Lawrence County, 260 F.3d 946, 951 (8th Cir.2001). Unfortunately, the district court’s order denying qualified immunity gives no clear indication of whether it analyzed the due process claims along these lines. Accordingly, we lack jurisdiction to consider them and should remand the case for further proceedings consistent with our qualified immunity jurisprudence. See Entergy, Ark., Inc. v. Nebraska, 241 F.3d 979, 991 (8th Cir.2001).
I join majority the opinion in all other respects.